UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL SPAFFORD, JR.,

    Plaintiff,

v.

ECHOSTAR COMMUNICATIONS CORP., et al.,

    Defendants.

CASE NO. C06-479JLR

ORDER

This matter comes before the court on Defendants' motion for summary judgment (Dkt. # 72). The court finds the motion premature and DENIES it without prejudice. The court grants Plaintiff's request to continue the motion in order to pursue additional discovery. See Fed. R. Civ. P. 56(f). The court declines Defendants' invitation, raised for the first time in reply, to impose limitations on discovery.

In denying Defendants' motion, the court must address two of Defendants' legal contentions that relate to whether Plaintiff may pursue additional discovery on the question of vicarious liability. First, Defendants argue that Plaintiff failed to sufficiently plead the existence of an agency relationship in his complaint. The Ninth Circuit has reasoned that claimants need not allege agency in order to satisfy notice-pleading requirements. See Greenberg v. Sala, 822 F.2d 882, 886 (9th Cir. 1987) ("A person

ORDER – 1

legally responsible for an act may be alleged to have committed it without going into the theories which support that ultimate fact."). Thus, the court rejects this basis for granting summary judgment.

Second, Defendants contend that Plaintiff may not pursue an agency theory of liability under the statute at issue in this case, RCW § 80.36.400 (holding persons liable for use of automatic dialing and announcing devices ("ADADs") for commercial solicitation purposes). No Washington court has determined whether the ADAD statute encompasses agency liability. Nevertheless, because the court finds persuasive the rationale of other courts that recognize vicarious liability in the context of similar statutory schemes, the court denies summary judgment on this basis and directs the parties to proceed with discovery. See, e.g., Accounting Outsourcing, LLC v. Verizon Wireless Pers. Commc'n, L.P., 329 F. Supp. 2d 789, 806 (M.D. La. 2004) (finding vicarious liability under federal Telephone Consumer Protection Act where advertisers hired third-parties to fax unsolicited advertisements in contravention of statute).

For the reasons stated, the court DENIES Defendants' motion without prejudice (Dkt. # 72).

Dated this 16th day of July, 2007.

_____
JAMES L. ROBART
United States District Judge

ORDER – 2